GEORGE V. ROTAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLOTTE ROTAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24825, 24826. Promulgated October 31, 1929.

*Selden Leavell, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

SMITH: The only issue involved in these proceedings is whether the petitioners are each entitled to deduct $3,750 for the year 1920 which the petitioners claim as a return of capital from their share in the profits of the firm of Neuhaus & Co. for the year 1922, which deduc-

tions have been disallowed by the respondent in the determination of the deficiencies complained of.

The petitioners contend that they must recover this capital payment of $37,500 from the receipt of their shares of partnership profits during the five-year period during which the partnership was to exist; that otherwise they will be taxed upon an amount in excess of their true incomes.

It is the contention of the petitioners that, under the laws of Texas, George V. Rotan did not acquire a property right in the good will of Neuhaus & Co. They base this contention upon *Rice* v. *Angell*, 73 Tex. 350; 11 S. W. 338. The facts in that case are that one Rice, in 1884, paid $2,650 for a one-half interest in the general insurance agency of one Angell, which had theretofore been conducted under the name of C. E. Angell & Co.; that the insurance business was thereafter conducted under the firm name of Angell & Rice; that in December, 1886, a disagreement having arisen between the partners, Rice offered to sell his interest in the business to Angell for $5,000 or to pay Angell for his interest in the business $5,000; that Angell refused to pay any amount for Rice's interest and likewise refused to sell his interest but "took possession of all of the business of said partnership, and of its connections and good will, and entirely excluded plaintiff therefrom." Rice brought suit against Angell for the recovery of $5,000. The Supreme Court of Texas held, however, that he was not entitled to recover any amount from Angell. It was held that upon the dissolution of a partnership carrying on the business of an insurance agency in a firm name composed of the names of the partners, there is nothing left to which good will as a property right of the business can attach, as neither partner has the exclusive right to carry on the old business, but in the absence of stipulation each is left free to procure for himself alone the agency of the companies formerly represented by the firm.

The facts in the above entitled case are materially different from those which obtain in the proceedings at bar. There, a partnership business was conducted under a firm name in which the names of the partners appeared. In the instant proceeding the business was carried on under the name of "Neuhaus & Company" prior to the organization of the partnership and was continued under that name after the partnership was organized. Rotan paid a total of $87,500 for a 5/14 interest in the partnership. We can not doubt that the total investment by Rotan represented a capital investment. If the partnership had been dissolved prior to the expiration of the five-year period for which it was organized, Rotan would under the partnership agreement have been required to sell his interest to Neuhaus at a loss and such loss would clearly have been deductible from gross income in

the year of sale. But the record does not disclose that Rotan sold his interest to Neuhaus during the five-year period and certainly there was no evidence of a sale during 1922. The good will of Neuhaus & Co. was inseparable from the business of Neuhaus & Co. *Betts* v. *United States*, 62 Ct. Cls. 1; certiorari denied March 21, 1927. Throughout the year 1922, Rotan's share of the partnership profits was attributable in part to the good will of Neuhaus & Co., assuming that the good will had a value. Under the Revenue Act of 1921, in accordance with the provisions of which the petitioners made income-tax returns for 1922, the petitioners were required by section 218 to include in gross income their pro rata shares of the distributable profits of the partnership.

The petitioners have not in their brief pointed to any provision of the Revenue Act of 1921 which entitles them to any deduction for obsolescence of the amount of the bonus paid to Neuhaus from the value of their pro rata share of the tangibles. Section 214 (a) (8) of the Revenue Act of 1921 permits an individual to deduct from gross income " a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." If the claim of the petitioner be predicated upon this provision of the statute, we think that it must be denied upon the authority of *Red Wing Malting Co.* v. *Willcuts*, 15 Fed. (2d) 626; certiorari denied, 273 U. S. 763; *Landsberger* v. *McLaughlin*, 26 Fed. (2d) 77; *Renziehausen* v. *Commissioner of Internal Revenue*, 31 Fed. (2d) 675.

By the contracts of December 31, 1919, and June 30, 1920, Rotan acquired a 5/14 interest in the partnership of Neuhaus & Co. The contracts do not provide that upon the expiration of the five-year term Neuhaus shall be permitted to acquire Rotan's interest in the partnership assets for an amount equalling Rotan's interest in the tangibles. We can not assume that he had that right. Rotan had an ownership of a 5/14 interest in the good will of the partnership, which apparently would not be lost by the expiration of the term of the partnership.

The respondent has held that the entire payment of $37,500 by Rotan for an interest in the business constitutes a capital investment and that no loss in respect thereof is deductible from gross income until a loss has actually been sustained upon a sale or other disposition by Rotan of the interest in the partnership. I. T. 1892, C. B. III–I, p. 167. The action of the respondent in disallowing the deductions claimed by the petitioners in their income-tax returns for 1922 is sustained.

*Judgment will be entered for the respondent.*